ORIGINAL

1 THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
2 *A Professional Law Corporation*
2806 Van Ness Avenue
3 San Francisco, CA 94109
Telephone:    415/674-8600
4 Facsimile:    415/674-9900

5 Attorneys for Plaintiffs
LES JANKEY
6 and DISABILITY RIGHTS
ENFORCEMENT, EDUCATION,
7 SERVICES: HELPING YOU
HELP OTHERS
8

9

10                UNITED STATES DISTRICT COURT

11               NORTHEN  DISTRICT OF CALIFORNIA

12 LES JANKEY, an individual; and        )  **CASE NO.**
DISABILITY RIGHTS, ENFORCEMENT, )  **Civil Rights**
13 EDUCATION, SERVICES:HELPING YOU)
HELP OTHERS, a California public benefit )  **COMPLAINT FOR INJUNCTIVE RELIEF**
14 corporation,                          )  **AND DAMAGES:**
                                         )
15        Plaintiffs,                    )  **1st CAUSE OF ACTION:** For Denial of Access
                                         )  by a Public Accommodation in Violation of the
16 v.                                    )  Americans with Disabilities Act of 1990 (42
                                         )  U.S.C. §12101, *et seq.*)
17 FIVE HAPPINESS RESTAURANT INC., a )
California corporation; WILLIAM P. YANG)  **2nd CAUSE OF ACTION:** For Denial of Full
18 and MEI-MEI KOO YANG, husband and )  and Equal Access in Violation of California
wife as community property,            )  Civil Code §§54, 54.1 and 54.3
19                                       )
        Defendants.                     )  **3rd CAUSE OF ACTION:** For Denial of
20 _____)  Accessible Sanitary Facilities in Violation of
                                         California Health & Safety Code §19955, *et seq.*
21
                                         **4th CAUSE OF ACTION:** For Denial of
22                                       Access to Full and Equal Accommodations,
                                         Advantages, Facilities, Privileges and/or
23                                       Services in Violation of California Civil Code
                                         §51, *et seq.* (The Unruh Civil Rights Act)
24

25

26                                       **DEMAND FOR JURY**

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

i

Plaintiffs LES JANKEY, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation (hereinafter sometimes referred to as "DREES"), complain of defendants FIVE HAPPINESS RESTAURANT INC., a California corporation; WILLIAM P. YANG and MEI-MEI KOO YANG, husband and wife as community property and allege as follows:

**INTRODUCTION:**

1.     This is a civil rights action for discrimination against persons with physical disabilities, of which class plaintiff LES JANKEY and the membership of DREES are members, for failure to remove architectural barriers structural in nature at defendants' FIVE HAPPINESS RESTAURANT, a place of public accommodation, thereby discriminatorily denying plaintiffs and the class of other similarly situated persons with physical disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof.  Plaintiffs seek injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

2.     Plaintiff LES JANKEY is a person with physical disabilities who, on or about October 26, 2007, January 29, 2008, January 30, 2008 and April 18, 2008, was an invitee, guest, patron, customer at defendants' FIVE HAPPINESS RESTAURANT, in the City of San Francisco, California.  At said time and place, defendants failed to provide proper legal access to the restaurant, which is a "public accommodation" and/or a "public facility" including, but not limited to the entrance, men's restroom and women's restroom .  The denial of access was in violation of both federal and California legal requirements, and plaintiff LES JANKEY suffered violation of his civil rights to full and equal access, and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3.     **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   California law, whose goals are closely tied with the ADA, including but not limited to violations

2   of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*

3   *seq.*, including §19959; Title 24 California Building Standards Code.

4          4.     **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

5   founded on the facts that the real property which is the subject of this action is located at/near

6   4142 Geary Boulevard, in the City and County of San Francisco, State of California, and that

7   plaintiffs' causes of action arose in this county.

8   **PARTIES:**

9          5.     Plaintiff LES JANKEY is a "physically handicapped person", a "physically

10  disabled person", and a "person with physical disabilities" (hereinafter the terms "physically

11  disabled", "physically handicapped" and "person with physical disabilities" are used

12  interchangeably, as these words have similar or identical common usage and legal meaning, but

13  the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

14  handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other

15  statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff

16  LES JANKEY is a "person with physical disabilities", as defined by all applicable California and

17  United States laws.  Plaintiff has a congenital deformity of both lower extremities.  Plaintiff LES

18  JANKEY requires the use of a wheelchair to travel about in public.  Consequently, plaintiff LES

19  JANKEY is a member of that portion of the public whose rights are protected by the provisions

20  of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by

21  Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code

22  §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities

23  Act, 42 U.S.C. §12101, *et seq.*

24         6.     Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:

25  HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works

26  with persons with disabilities to empower them to be independent in American society.  DREES

27  accomplishes its goals and purposes through education on disability issues, enforcement of the

28  rights of persons with disabilities, and the provision of services to persons with disabilities, the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    general public, public agencies and the private business sector.  DREES brings this action on

2    behalf of its members, many of whom are persons with physical disabilities and whom have

3    standing in their right to bring this action.

4           7.    That members of DREES, like plaintiff LES JANKEY, will or have been guests

5    and invitees at the subject FIVE HAPPINESS RESTAURANT, and that the interests of plaintiff

6    DREES in removing architectural barriers at the subject restaurant advance the purposes of

7    DREES to assure that all public accommodations, including the subject restaurant, are accessible

8    to independent use by mobility-impaired persons.  The relief sought by plaintiff DREES as

9    alleged herein is purely statutory in nature.

10          8.    Defendants FIVE HAPPINESS RESTAURANT INC., a California corporation;

11   WILLIAM P. YANG and MEI-MEI KOO YANG, husband and wife as community property

12   (hereinafter alternatively collectively referred to as "defendants") are the owners and operators,

13   lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public

14   accommodation known as FIVE HAPPINESS RESTAURANT, located at/near 4142 Geary

15   Boulevard, San Francisco, California, or of the building and/or buildings which constitute said

16   public accommodation.

17          9.    At all times relevant to this complaint, defendants FIVE HAPPINESS

18   RESTAURANT INC., a California corporation; WILLIAM P. YANG and MEI-MEI KOO

19   YANG, husband and wife as community property, own and operate in joint venture the subject

20   FIVE HAPPINESS as a public accommodation.  This business is open to the general public and

21   conducts business therein.  The business is a "public accommodation" or "public facility" subject

22   to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code

23   §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

24         10.    At all times relevant to this complaint, defendants FIVE HAPPINESS

25   RESTAURANT INC., a California corporation; WILLIAM P. YANG and MEI-MEI KOO

26   YANG, husband and wife as community property are jointly and severally responsible to identify

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    and remove architectural barriers at the subject FIVE HAPPINESS RESTAURANT pursuant to

2    Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

3            **§ 36.201        General**

4            (b) *Landlord and tenant responsibilities.* Both the landlord
        who owns the building that houses a place of public
5        accommodation and the tenant who owns or operates the place of
        public accommodation are public accommodations subject to the
6        requirements of this part.  As between the parties, allocation of
        responsibility for complying with the obligations of this part may
7        be determined by lease or other contract.

8            28 CFR §36.201(b)

9    **PRELIMINARY FACTUAL ALLEGATIONS:**

10           11.    The FIVE HAPPINESS RESTAURANT, restaurant, located at/near 4142 Geary

11   Boulevard, San Francisco, California.  The FIVE HAPPINESS RESTAURANT, its entrance,

12   men's restroom, women's restroom, and its other facilities are each a "place of public

13   accommodation or facility" subject to the barrier removal requirements of the Americans with

14   Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone

15   "alterations, structural repairs and additions", each of which has subjected the FIVE

16   HAPPINESS RESTAURANT and each of its facilities, its entrance, men's restroom and

17   women's restroom to disability access requirements per the Americans with Disabilities Act

18   Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

19           12.    At all times stated herein, plaintiff LES JANKEY was a member of DREES.

20           13.    At all times referred to herein and continuing to the present time, defendants, and

21   each of them, advertised, publicized and held out the FIVE HAPPINESS RESTAURANT as

22   being handicapped accessible and handicapped usable.

23           14.    On or about October 26, 2007, January 29, 2008, January 30, 2008 and

24   April 18, 2008, plaintiff LES JANKEY was an invitee and guest at the subject FIVE

25   HAPPINESS RESTAURANT, for purposes of having food and beverage.

26           15.    On or about October 26, 2007, plaintiff LES JANKEY approached FIVE

27   HAPPINESS RESTAURANT and encountered a step at the restaurant.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16.     At said time and place, patrons of FIVE HAPPINESS were exiting and one of them pulled plaintiff LES JANKEY in his wheelchair up the step.  Unfortunately, one of the double doors closed and caught plaintiff's hand causing trauma to it.

17.     At said time and place, plaintiff LES JANKEY needed to use an accessible restroom.  It did not matter to plaintiff LES JANKEY if the accessible restroom was the men's or women's restroom.  Plaintiff LES JANKEY wheeled to the men's restroom but could not independently access it because of a step.

18.     On or about December 19, 2007, plaintiff LES JANKEY wrote both the landlord and the tenant relative to accessing the restaurant.  Plaintiff LES JANKEY never received a response.

19.     On or about January 29, 2008, plaintiff LES JANKEY returned to FIVE HAPPINESS RESTAURANT.  Plaintiff LES JANKEY could still not independently access the restaurant due to the step.   Plaintiff LES JANKEY had phoned in a "to-go order."

20.     Plaintiff LES JANKEY asked a passer by, as a favor to him, to go into the subject restaurant and tell them that he, (plaintiff) was outside waiting for a to go order.  Later, an employee came out and gave plaintiff LES JANKEY his order and took his money.  Business was conducted from the sidewalk.

21.     On or about January 30, 2008, plaintiff LES JANKEY returned to FIVE HAPPINESS RESTAURANT.  No remedial work had been done to the entry.  Plaintiff LES JANKEY could not access the restaurant.  Plaintiff LES JANKEY tapped on the glass door until a male employee came to the door.

22.     At said time and place, plaintiff LES JANKEY was pulled up and over the step by this male employee.  Plaintiff LES JANKEY was then given a table and he ate.

23.     At said time and place, plaintiff LES JANKEY needed to use a restroom but saw that the men's restroom was still not accessible.  Plaintiff LES JANKEY did not see any designated accessible restroom.  Thereafter, plaintiff LES JANKEY left.

24.     On or about April 18, 2008, plaintiff LES JANKEY returned to FIVE HAPPINESS RESTAURANT and encountered all of the same barriers as stated herein.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25.     Therefore, at said times and place, plaintiff LES JANKEY, a person with a disability, encountered the following inaccessible elements of the subject FIVE HAPPINESS which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

        a.     lack of an accessible entrance due to a step;

        b.     lack of a handicapped-accessible women's public restroom;

        c.     lack of a handicapped-accessible men's public restroom;

        d.     lack of reduced door pressure throughout but in particular the front entry doors;

        e.     lack of the (ISA) symbol of accessibility; and

        f.     On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

26.     At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

27.     On or about December 19, 2007, defendant(s) were sent two (2) letters by or on behalf of plaintiff LES JANKEY advising of the existence of architectural barriers, requesting a response within 14 days and requesting remedial measures be undertaken within 90 days or an explanation of why the time limit set could not be met and/or extenuating circumstances.  Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein.  Defendants' failure to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    28.    At all times stated herein, defendants, and each of them, did not act as reasonable

2   and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not

3   removing architectural barriers that would foreseeably prevent plaintiff LES JANKEY from

4   receiving the same goods and services as able bodied people and some of which may and did pose

5   a threat of harm and/or personal injury to people with disabilities.  Therefore as a legal result of

6   defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered

7   bodily injury.

8    29.    As a legal result of defendants FIVE HAPPINESS RESTAURANT INC., a

9   California corporation; WILLIAM P. YANG and MEI-MEI KOO YANG, husband and wife as

10  community property's failure to act as a reasonable and prudent public accommodation in

11  identifying, removing or creating architectural barriers, policies, practices and procedures that

12  denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as

13  alleged herein.

14   30.    As a further legal result of the actions and failure to act of defendants, and as a

15  legal result of the failure to provide proper handicapped-accessible public facilities as set forth

16  herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff

17  LES JANKEY suffered a loss of his civil rights and his rights as a person with physical

18  disabilities to full and equal access to public facilities, and further suffered bodily injury on or

19  about October 26, 2007, including, but not limited to, fatigue, stress, strain and pain in wheeling

20  and attempting to and/or transferring up, on, down, to, over, around and through architectural

21  barriers.  Specifically, as a legal result of defendants negligence in the design, construction and

22  maintenance of the existing entry door and the step, a door prematurely closed with significant

23  force and struck plaintiff LES JANKEY's hand causing trauma to it.

24   31.    Further, plaintiff LES JANKEY suffered emotional distress, mental distress,

25  mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,

26  embarrassment, anger, disappointment and worry, expectedly and naturally associated with a

27  person with physical disabilities being denied access, all to his damages as prayed hereinafter in

28  an amount within the jurisdiction of this court.  No claim is being made for mental and emotional

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 distress over and above that usually associated with the discrimination and physical injuries
2 claimed, and no expert testimony regarding this usual mental and emotional distress will be
3 presented at trial in support of the claim for damages.

4      32.    Defendants', and each of their, failure to remove the architectural barriers
5 complained of herein created, at the time of plaintiff LES JANKEY's first visit to said public
6 accommodation, and continues to create continuous and repeated exposure to substantially the
7 same general harmful conditions which caused plaintiff LES JANKEY harm as stated herein.

8      33.    Plaintiff LES JANKEY and the membership of DREES were denied their rights to
9 equal access to a public facility by defendants FIVE HAPPINESS RESTAURANT INC., a
10 California corporation; WILLIAM P. YANG and MEI-MEI KOO YANG, husband and wife as
11 community property, because defendants FIVE HAPPINESS RESTAURANT INC., a California
12 corporation; WILLIAM P. YANG and MEI-MEI KOO YANG, husband and wife as community
13 property maintained a restaurant without access for persons with physical disabilities to its
14 facilities, including but not limited to the entrance, men's restroom, women's restroom and other
15 public areas as stated herein, and continue to the date of filing this complaint to deny equal access
16 to plaintiffs and other persons with physical disabilities in these and other ways.

17      34.    On information and belief, construction alterations carried out by defendants have
18 also triggered access requirements under both California law and the Americans with Disabilities
19 Act of 1990.

20      35.    Plaintiffs, as described hereinbelow, seek injunctive relief to require the FIVE
21 HAPPINESS RESTAURANT to be made accessible to meet the requirements of both California
22 law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as
23 defendants operate the restaurant as a public facility.

24      36.    Plaintiffs seek damages for violation of their civil rights on October 26, 2007,
25 January 29, 2008, January 30, 2008 and April 18, 2008, and they seek statutory damages of not
26 less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code
27 §54.3, for each day after his visit that the trier of fact (court/jury) determines was the date that
28 some or all remedial work should have been completed under the standard that the landlord and

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  tenant had an ongoing duty to identify and remove architectural barriers where it was readily

2  achievable to do so, which deterred plaintiff LES JANKEY from returning to the subject public

3  accommodation because of his knowledge and/or belief that neither some or all architectural

4  barriers had been removed and that said premises remains inaccessible to persons with disabilities

5  whether a wheelchair user or otherwise.

6      37.    On information and belief, defendants have been negligent in their affirmative duty

7  to identify the architectural barriers complained of herein and negligent in the removal of some or

8  all of said barriers.

9      38.    Because of defendants' violations, plaintiffs and other persons with physical

10  disabilities are unable to use public facilities such as those owned and operated by defendants on a

11  "full and equal" basis unless such facility is in compliance with the provisions of the Americans

12  with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and

13  other accessibility law as plead herein. Plaintiffs seek an order from this court compelling

14  defendants to make the FIVE HAPPINESS RESTAURANT accessible to persons with

15  disabilities.

16      39.    On information and belief, defendants have intentionally undertaken to modify and

17  alter existing building(s), and have failed to make them comply with accessibility requirements

18  under the requirements of ADAAG and Title 24. The acts and omission of defendants, and each

19  of them, in failing to provide the required accessible public facilities at

20  the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and

21  despicable conduct carried out by defendants, and each of them, with a willful and conscious

22  disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a

23  trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more

24  profound example of defendants, and each of them, to other operators of other restaurants and

25  other public facilities, and to punish defendants and to carry out the purposes of the Civil Code

26  §§ 51, 51.5 and 54.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

40.     Plaintiffs are informed and believe and therefore allege that defendants FIVE HAPPINESS RESTAURANT INC., a California corporation; WILLIAM P. YANG and MEI-MEI KOO YANG, husband and wife as community property, and each of them, caused the subject building(s) which constitute the FIVE HAPPINESS RESTAURANT to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the restaurant and were denied full and equal use of said public facilities.  Furthermore, on information and belief, defendants have continued to maintain and operate said restaurant and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendants that the configuration of the restaurant and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff LES JANKEY, the membership of plaintiff DREES and the disability community which DREES serves.  Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

41.     On personal knowledge, information and belief, the basis of defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the FIVE HAPPINESS RESTAURANT and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited to, communications with invitees and guests, plaintiff LES JANKEY himself, owners of other restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.  Defendants' failure, under state and federal law, to make the restaurant accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities.  Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible facilities,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 | defendants, and each of them, knowingly and willfully refused to take any steps to rectify the

2 | situation and to provide full and equal access for plaintiffs and other persons with physical

3 | disabilities to the FIVE HAPPINESS RESTAURANT.  Said defendants, and each of them, have

4 | continued such practices, in conscious disregard for the rights of plaintiffs and other persons with

5 | physical disabilities, up to the date of filing of this complaint, and continuing thereon.  Defendants

6 | had further actual knowledge of the architectural barriers referred to herein by virtue of the

7 | demand letter addressed to the defendants and served concurrently with the summons and

8 | complaint.  Said conduct, with knowledge of the effect it was and is having on plaintiffs and other

9 | persons with physical disabilities, constitutes despicable conduct in conscious disregard of the

10 | rights and safety of plaintiffs and of other similarly situated persons, justifying the imposition of

11 | treble damages per Civil Code §§52 and 54.3.

12 | 42.    Plaintiff LES JANKEY and plaintiff DREES, on behalf of its membership and the

13 | disability community which it serves, consisting of persons with disabilities, would, could and

14 | will return to the subject public accommodation when it is made accessible to persons with

15 | disabilities.

16 | **I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC**
**ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

17 | **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT,

18 | EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
corporation and Against Defendants FIVE HAPPINESS RESTAURANT INC., a

19 | California corporation; WILLIAM P. YANG and MEI-MEI KOO YANG, husband and
wife as community property, inclusive)

20 | (42 U.S.C. §12101, *et seq.*)

21 | 43.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

22 | allegations contained in paragraphs 1 through 42 of this complaint.

23 | 44.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

24 | §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

25 | protect:

26 | some 43 million Americans with one or more physical or mental
disabilities; [that] historically society has tended to isolate and

27 | segregate individuals with disabilities; [that] such forms of
discrimination against individuals with disabilities continue to be a

28 | serious and pervasive social problem; [that] the nation's proper

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

45.    Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

46.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

(7)    PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
---
(B) a restaurant, bar or other establishment serving food or drink.

42 U.S.C. §12181(7)(B)

47.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation".

48.    The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

(I)    the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    enjoying any goods, services, facilities, privileges, advantages, or
     accommodations, unless such criteria can be shown to be necessary
2    for the provision of the goods, services, facilities, privileges,
     advantages, or accommodations being offered;

3

4           (ii)    a failure to make reasonable modifications in
     policies, practices, or procedures, when such modifications are
5    necessary to afford such goods, services, facilities, privileges,
     advantages or accommodations to individuals with disabilities,
     unless the entity can demonstrate that making such modifications
6    would fundamentally alter the nature of such goods, services,
     facilities, privileges, advantages, or accommodations;

7

8           (iii)   a failure to take such steps as may be necessary to
     ensure that no individual with a disability is excluded, denied
9    services, segregated or otherwise treated differently than other
     individuals because of the absence of auxiliary aids and services,
10   unless the entity can demonstrate that taking such steps would
     fundamentally alter the nature of the good, service, facility,
11   privilege, advantage, or accommodation being offered or would
     result in an undue burden;

12          (iv)    a failure to remove architectural barriers, and
     communication barriers that are structural in nature, in existing
13   facilities . . . where such removal is readily achievable; and

14          (v)     where an entity can demonstrate that the removal of
     a barrier under clause (iv) is not readily achievable, a failure to
15   make such goods, services, facilities, privileges, advantages or
     accommodations available through alternative methods if such
16   methods are readily achievable.

17   The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public

18   Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective

19   January 31, 1993, the standards of the ADA were also incorporated into California Civil Code

20   §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

21          49.     The removal of the barriers complained of by plaintiffs as hereinabove alleged was

22   at all times after January 26, 1992 "readily achievable" as to the subject building(s) of FIVE

23   HAPPINESS RESTAURANT pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information

24   and belief, if the removal of all the barriers complained of herein together was not "readily

25   achievable," the removal of each individual barrier complained of herein was "readily

26   achievable."  On information and belief, defendants' failure to remove said barriers was likewise

27   due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182

28   (b)(2)(A)(i)and (ii).

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

50.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that plaintiffs complain of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

51.     On information and belief, construction work on, and modifications of, the subject building(s) of FIVE HAPPINESS RESTAURANT occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

52.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs are about to be subjected to discrimination in violation of §302.  Plaintiffs are deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

53.     42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions".  Pursuant to this section, plaintiff LES JANKEY  has not returned to defendants' premises since on or about April 18, 2008, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to access this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

facilities readily accessible to and usable by individuals with disabilities to the extent required by this title".

54.     Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

## II.     SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.
(On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants FIVE HAPPINESS RESTAURANT INC., a California corporation; WILLIAM P. YANG and MEI-MEI KOO YANG, husband and wife as community property, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

55.     Plaintiffs replead and incorporate by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 54 of this complaint.

56.     At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

(a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

57.     California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

(a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions

and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

58.     California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

59.     Plaintiff LES JANKEY and the membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1.  Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1.  Plaintiffs have been and continue to be denied full and equal access to defendants' FIVE HAPPINESS RESTAURANT.  As a legal result, plaintiffs are entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which they visited or have been deterred from visiting the subject restaurant because of their knowledge and belief that the restaurant is inaccessible to persons with disabilities.  California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

60.     On or about October 26, 2007, January 29, 2008, January 30, 2008 and April 18, 2008, plaintiff LES JANKEY  suffered violations of Civil Code §§54 and 54.1 in that plaintiff

1   LES JANKEY was denied access to entrance, men's restroom, women's restroom and other

2   public facilities as stated herein at the FIVE HAPPINESS RESTAURANT and on the basis that

3   plaintiff LES JANKEY  was a person with physical disabilities.

4         61.    As a result of the denial of equal access to defendants' facilities due to the acts and

5   omissions of defendants, and each of them, in owning, operating and maintaining these subject

6   public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to

7   rights under Civil Code §§54, 54.1 and 54.3, and plaintiff LES JANKEY suffered physical

8   discomfort, bodily injury on or about October 26, 2007, including, but not limited to, fatigue,

9   stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over,

10  around and through architectural barriers.  Specifically, as a legal result of defendants negligence

11  in the design, construction and maintenance of the existing double doors and the step at the

12  entrance.  Plaintiff LES JANKEY was struck in the hand by one of the doors causing trauma to it.

13        62.    Further, plaintiff LES JANKEY suffered mental distress, mental suffering, mental

14  anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment

15  and worry, all of which are expectedly and naturally associated with a denial of access to a person

16  with physical disabilities, all to plaintiff's damages as hereinafter stated.  Defendants' actions and

17  omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are

18  persons or an entity that represents persons with physical disabilities and unable, because of the

19  architectural barriers created and maintained by the defendants in violation of the subject laws, to

20  use the public facilities hereinabove described on a full and equal basis as other persons.

21        63.    Plaintiffs have been damaged by defendants', and each of their, wrongful conduct

22  and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of

23  plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or

24  about October 26, 2007, January 29, 2008, January 30, 2008 and April 18, 2008, and on a

25  continuing basis since then, including statutory damages, a trebling of all of actual damages,

26  general and special damages available pursuant to §54.3 of the Civil Code according to proof.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

64.    As a result of defendants', and each of their, acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to the provisions of Civil Code §54.3 and §55, plaintiffs therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also to compel the defendants to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

**III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants FIVE HAPPINESS RESTAURANT INC., a California corporation; WILLIAM P. YANG and MEI-MEI KOO YANG, husband and wife as community property, inclusive)
(Health & Safety Code §19955, *et seq.*)

65.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 64 of this complaint.

66.    Health & Safety Code §19955 provides in pertinent part:

The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers.  When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

67.     Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.  On information and belief, portions of the FIVE HAPPINESS RESTAURANT and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the restaurant and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said restaurant and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

68.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions.  Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of the FIVE HAPPINESS RESTAURANT  and/or the building(s) occurring after that date.  Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.  On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code.

69.     Restaurants such as the FIVE HAPPINESS RESTAURANT are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

70.     As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs'

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to

2  public facilities.

3      71.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,

4  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

5  plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with

6  physical disabilities and prohibiting discrimination against the persons with physical disabilities,

7  and to take such action both in plaintiffs' own interests and in order to enforce an important right

8  affecting the public interest.  Plaintiffs, therefore, seek in this lawsuit the recovery of all

9  reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

10 §1021.5.  Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953

11 and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs

12 and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-

13 3(a)).  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing

14 party.

15     72.    Plaintiffs seek injunctive relief for an order compelling defendants, and each of

16 them, to make the subject place of public accommodation readily accessible to and usable by

17 persons with disabilities.

18     Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

19 **IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
20     EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES
       AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
       SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
21     (On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS, ENFORCEMENT,
       EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
22     corporation, and Against Defendants FIVE HAPPINESS RESTAURANT INC., a
       California corporation; WILLIAM P. YANG and MEI-MEI KOO YANG, husband and
23     wife as community property, inclusive)
       (Civil Code §51, 51.5)

24     73.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

25 allegations contained in paragraphs 1 through 72 of this complaint.

26     74.    Defendants' actions and omissions and failure to act as a reasonable and prudent

27 public accommodation in identifying, removing and/or creating architectural barriers, policies,

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The

2    Unruh Act provides:

3               This section shall be known, and may be cited, as the Unruh
             Civil Rights Act.

4
5               All persons within the jurisdiction of this state are free and
             equal, and no matter what their sex, race, color, religion, ancestry,
             national origin, or **disability** are entitled to the full and equal

6             accommodations, advantages, facilities, privileges, or services in all
             business establishments of every kind whatsoever.

7
8               This section shall not be construed to confer any right or
             privilege on a person that is conditioned or limited by law or that is
             applicable alike to persons of every sex, color, race, religion,

9             ancestry, national origin, or **disability.**

10              Nothing in this section shall be construed to require any
             construction, alteration, repair, structural or otherwise, or

11            modification of any sort whatsoever, beyond that construction,
             alteration, repair, or modification that is otherwise required by other

12            provisions of law, to any new or existing establishment, facility,
             building, improvement, or any other structure . . . nor shall anything

13            in this section be construed to augment, restrict, or alter in any way
             the authority of the State Architect to require construction,

14            alteration, repair, or modifications that the State Architect otherwise
             possesses pursuant to other . . . laws.

15
16              A violation of the right of any individual under the
             Americans with Disabilities Act of 1990 (Public Law 101-336) shall
             also constitute a violation of this section.

17
18   As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

19   "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the

     failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or
20
21   failing to act to identify and remove barriers can be construed as a "negligent per se" act of

22   defendants, and each of them.

23        75.    The acts and omissions of defendants stated herein are discriminatory in nature and

24   in violation of Civil Code §51.5:

25              No business establishment of any kind whatsoever shall
             discriminate against, boycott or blacklist, refuse to buy from, sell to,

26            or trade with any person in this state because of the race, creed,
             religion, color, national origin, sex, or **disability** of the person or of

27            the person's partners, members, stockholders, directors, officers,
             managers, superintendents, agents, employees, business associates,
             suppliers, or customers.

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

76.    Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section". Plaintiffs accordingly incorporate the entirety of their above cause of action for violation of the Americans with Disabilities Act at §43, *et seq*., as if repled herein.

77.    As a legal result of the violation of plaintiff LES JANKEY's civil rights as hereinabove described, plaintiff LES JANKEY has suffered general and statutory damages, bodily injury on or about October 26, 2007, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing step and entry door on October 26, 2007. Plaintiff LES JANKEY suffered trauma to his hand.

78.    Further, plaintiff LES JANKEY suffered physical injury, emotional distress (all to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs). Plaintiffs LES JANKEY and DREES are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute,

2  according to proof if deemed to be the prevailing party.

3  **PRAYER:**

4      Plaintiffs pray that this court award damages and provide relief as follows:

5  **I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A
       PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
6      DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
       (On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT,
7      EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
       corporation, and Against Defendants FIVE HAPPINESS RESTAURANT INC., a
8      California corporation; WILLIAM P. YANG and MEI-MEI KOO YANG, husband and
       wife as community property, inclusive)
9      (42 U.S.C. §12101, *et seq.*)

10      1.    For injunctive relief, compelling defendants FIVE HAPPINESS RESTAURANT

11  INC., a California corporation; WILLIAM P. YANG and MEI-MEI KOO YANG, husband and

12  wife as community property, inclusive, to make the FIVE HAPPINESS RESTAURANT, located

13  at 4142 Geary Boulevard, San Francisco, California, readily accessible to and usable by

14  individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications

15  in policies, practice, eligibility criteria and procedures so as to afford full access to the goods,

16  services, facilities, privileges, advantages and accommodations being offered.

17      2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed

18  the prevailing party; and

19      3.    For such other and further relief as the court may deem proper.

20  **II.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
       EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1
21      AND 54.3, *ET SEQ.***
       (On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT,
22      EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
       corporation, and Against Defendants FIVE HAPPINESS RESTAURANT INC., a
23      California corporation; WILLIAM P. YANG and MEI-MEI KOO YANG, husband and
       wife as community property, inclusive)
24      (California Civil Code §§54, 54.1, 54.3, *et seq.*)

25      1.    For injunctive relief, compelling defendants FIVE HAPPINESS RESTAURANT

26  INC., a California corporation; WILLIAM P. YANG and MEI-MEI KOO YANG, husband and

27  wife as community property, inclusive, to make the FIVE HAPPINESS RESTAURANT, located

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 | at 4142 Geary Boulevard, San Francisco, California, readily accessible to and usable by

2 | individuals with disabilities, per state law.

3 |       2.      Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

4 | each occasion on which plaintiffs were deterred from returning to the subject public

5 | accommodation.

6 |       3.      Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil Procedure

7 | §1021.5, if plaintiffs are deemed the prevailing party;

8 |       4.      Treble damages pursuant to Civil Code §54.3;

9 |       5.      For all costs of suit;

10 |       6.      Prejudgment interest pursuant to Civil Code §3291;

11 |       7.      Such other and further relief as the court may deem just and proper.

12 | **III.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***

13 | (On Behalf of Plaintiff LES JANKEY, and Against Defendants FIVE HAPPINESS RESTAURANT INC., a California corporation; WILLIAM P. YANG and MEI-MEI KOO YANG, husband and wife as community property, inclusive), (California Civil Code §§54, 54.1, 54.3, *et seq.*)

16 |       1.      General and compensatory damages according to proof.

17 | **IV.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***

(On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants FIVE HAPPINESS RESTAURANT INC., a California corporation; WILLIAM P. YANG and MEI-MEI KOO YANG, husband and wife as community property, inclusive) (Health & Safety code §19955, *et seq.*)

22 |       1.      For injunctive relief, compelling  defendants FIVE HAPPINESS RESTAURANT

23 | INC., a California corporation; WILLIAM P. YANG and MEI-MEI KOO YANG, husband and

24 | wife as community property, inclusive, to make the FIVE HAPPINESS RESTAURANT, located

25 | at 4142 Geary Boulevard, San Francisco, California, readily accessible to and usable by

26 | individuals with disabilities, per state law.

27 |       2.      For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55,

28 | and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1       3.    For all costs of suit;

2       4.    For prejudgment interest pursuant to Civil Code §3291;

3       5.    Such other and further relief as the court may deem just and proper.

4    **V.   PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**

(On Behalf of Plaintiffs LES JANKEY  and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants FIVE HAPPINESS RESTAURANT INC., a California corporation; WILLIAM P. YANG and MEI-MEI KOO YANG, husband and wife as community property, inclusive)

(California Civil Code §§51, 51.5, *et seq.*)

   1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

   2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

   3.    Treble damages pursuant to Civil Code §52(a);

   4.    For all costs of suit;

   5.    Prejudgment interest pursuant to Civil Code §3291; and

   6.    Such other and further relief as the court may deem just and proper.

///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**VI.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff LES JANKEY, and Against Defendants FIVE HAPPINESS RESTAURANT INC.. a California corporation; WILLIAM P. YANG and MEI-MEI KOO YANG. husband and wife as community property, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.    General and compensatory damages to plaintiff LES JANKEY according to proof.

Dated: *May 27th*, 2008        THOMAS E. FRANKOVICH
*A PROFESSIONAL LAW CORPORATION*

By: _____
THOMAS E. FRANKOVICH
Attorneys for Plaintiffs LES JANKEY and
DISABILITY RIGHTS ENFORCEMENT, EDUCATION,
SERVICES:HELPING YOU HELP OTHERS, a California
public benefit corporation

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: *May 27th*, 2008        THOMAS E. FRANKOVICH
*A PROFESSIONAL LAW CORPORATION*

By: _____
THOMAS E. FRANKOVICH
Attorneys for Plaintiffs LES JANKEY and
DISABILITY RIGHTS, ENFORCEMENT, EDUCATION.
SERVICES:HELPING YOU HELP  OTHERS, a California
public benefit corporation

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

27

# EXHIBIT A

Les Jankey
6662 W. 86th Place
Los Angeles, CA 90045-3750

December 19, 2007

Manager
Five Happiness
4142 Geary Blvd.
San Francisco, CA 94118

Dear Manager of Five Happiness:

A couple of months ago, I was in San Francisco. I go up to San Francisco quite a bit. As I use a wheelchair, I had a real problem getting in. Five Happiness has a big step. I think you could ramp it and make it accessible.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Five Happiness once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Les Jankey
Les Jankey

Les Jankey
6662 W. 86th Place
Los Angeles, CA 90045-3750

December 19, 2007

Owner of Building
Five Happiness
4142 Geary Blvd.
San Francisco, CA 94118

Dear Owner of Building for Five Happiness:

A couple of months ago, I was in San Francisco. I go up to San Francisco quite a bit. As I use a wheelchair, I had a real problem getting in. Five Happiness has a big step. I think you could ramp it and make it accessible.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Five Happiness once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.   You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Les Jankey
Les Jankey